UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| M-J-M-A, *an adult*, <br><br> Petitioner, <br><br> v. <br><br> CAMILLA WAMSLEY, *Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations*; TODD LYONS, *Acting Director of Immigration Customs Enforcement*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary of the Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, *Attorney General of the United States*, <br><br> Respondents. | Case No. 6:25-cv-02011-MTK <br><br> **ORDER** |

**KASUBHAI,** United States District Judge:

Petitioner M-J-M-A was detained by Respondents in Woodburn, Oregon on October 30, 2025, and filed a Petition for Writ of Habeas Corpus. ECF No. 1. Respondents notified the Court that "Petitioner was removed from the District of Oregon and transferred to the Tacoma ICE detention center on October 30, 2025 . . . because there is no detention facility in Oregon." ECF No. 4. On November 1, 2025, Petitioner filed a Motion for Temporary Restraining Order ("TRO") seeking release pending adjudication of her habeas petition. ECF No. 14. Defendant

Page 1 — ORDER

Immigration and Customs Enforcement ("ICE") released Petitioner that day, and she returned to Oregon. ECF No. 18. The Court held a hearing on the Motion for TRO on November 4, 2025.

Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, see 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (*quoting United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give the court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

The Court hereby ORDERS as follows:

1. All previous Court orders in this case remain in full force and effect except to the extent explicitly modified herein.

2. The parties shall submit a stipulated order for the Court's approval to ensure that the *status quo* is restored to Petitioner pending adjudication of her Petition for Writ of Habeas Corpus.

3. This Court ordered Respondents to show cause why Petitioner's writ should not be granted. ECF No. 2. The Return was due November 4, 2025 at 11:59pm. ECF No. 13. Respondents' oral Motion for Extension is GRANTED, and Respondents' Return to that order is now due November 5, 2025 at 11:59pm.

4. An in person Evidentiary Hearing will be held on the Petition for Writ of Habeas Corpus on December 2, 2025 at 1:30pm in Portland.

    a. The Court will receive evidence, including live testimony, at that hearing.

    b. For the reasons discussed on the record, the Court orders that the following individuals attend that hearing, in person, and be available to testify, subject to direct and cross-examination and the examination of this Court: (1) Petitioner; (2) the agent(s) or officer(s) involved in Petitioner's arrest; (3) the agent(s) or officer(s) involved in the alleged deprivation of counsel, including the refusal to allow additional time for Petitioner to speak with counsel; and (4) anyone else with knowledge of the basis for Petitioner's detention.

    c. Failure to comply and produce those individuals would constitute a violation of this Court's order, subject to sanctions.

**IT IS SO ORDERED.**

DATED this <u>4th</u> day of November 2025.

                                          s/ Mustafa T. Kasubhai
                                          MUSTAFA T. KASUBHAI (he/him)
                                          United States District Judge