UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| M-J-M-A- and VICTOR CRUZ GAMEZ, individually and on behalf of all similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>LAURA HERMOSILLO, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); and PAMELA BONDI, Attorney General of the United States,<br><br>        Defendants. | Case No. 6:25-cv-02011-MTK<br><br>**ORDER** |

For the reasons stated on the record and to be more thoroughly explained in a written opinion to follow, the Court makes the following determinations.

Plaintiffs have sufficiently demonstrated standing to seek prospective relief based on a concrete and immediate threat of future injury.

Defendants' oral motion to stay the question of provisional class certification is DENIED.

Plaintiffs' Motion for Preliminary Injunction, ECF No. 61, is GRANTED. Ample evidence in this case demonstrates a pattern and practice in Oregon that amounts to final agency action of executing warrantless arrests without individualized determinations of flight risk as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii). Based on the evidence before it, the Court finds that action is likely to be found unlawful and set aside under 5 U.S.C. § 706(2). Plaintiffs have succeeded in showing a likelihood of success on the merits of their APA claims, a likelihood of irreparable harm absent relief, a balance of equities in their favor, and that an injunction is in the public interest. Accordingly, the Court GRANTS Plaintiffs' requests (1) through (5) in their Motion for Preliminary Injunction:

1. The Court provisionally CERTIFIES the Unassessed Escape Risk Class, comprised of all persons who, since September 28, 2025, have been or will be arrested in the District of Oregon for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses an escape risk.

2. The Court provisionally APPOINTS Plaintiffs' counsel from Innovation Law Lab as counsel for the provisionally certified Plaintiff class.

3. The Court preliminarily ENJOINS Defendants and their agents from enforcing their policy or practice of making warrantless civil immigration arrests in the District of Oregon without a pre-arrest individualized determination by the arresting agent of probable cause

that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii).

4. The Court ORDERS that Defendants shall promptly transmit this Order to Defendants' officers, employees, agents, and contractors who have responsibilities related to the subject matter of this injunction.

5. The Court ORDERS that Defendants shall report every 30 days until this litigation is concluded (or if requested by Plaintiffs' counsel concerning specific individual warrantless arrests, no later than seven days after the request) on the following: Any Defendant or their agent who conducts a warrantless civil immigration arrest in the District of Oregon shall, as soon as practicable, document the facts and circumstances surrounding the warrantless civil immigration arrest in narrative form. This documentation shall include the specific, particularized facts that supported the agent's pre-arrest probable cause to believe that the person is likely to escape before a warrant can be obtained, including the following facts that are consistent with 8 U.S.C. § 1357(a)(2): "that the alien was arrested without a warrant"; "the location of the arrest and whether this location was a place of business, residence, vehicle, or a public area"; "the alien's ties to the community, if known at the time of arrest, including family, home, or employment"; and "the specific, particularized facts supporting the conclusion that the alien was likely to escape before a warrant could be obtained." The documentation shall include the date and time of the arrest, and the date and time the agent completed the documentation. In describing the individualized assessment of escape risk in the documentation ordered above, specific details as to the person being arrested must be provided such that the use of boilerplate language may be deemed indicative of noncompliance.

Defendants' motion for a protective order ensuring that the documents of warrantless arrests are attorneys' eyes only is DENIED. The documents shall instead be subject to the existing protective order, ECF No. 42.

In the interests of justice, Plaintiffs need not provide any security, and the Court WAIVES all requirements under Fed. R. Civ. P. 65(c).

DATED this 4th day of February 2026.

*/s/ Mustafa T. Kasubhai*
Mustafa T. Kasubhai (he/him)
United States District Judge