UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

M-J-M-A-, and VICTOR C.G.,[1] *individually and on behalf of all similarly situated individuals*,

        Plaintiffs,

    v.

TODD LYONS, *Acting Director of Immigration and Customs Enforcement*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary of the Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, *Attorney General of the United States*; LAURA HERMOSILLO, *Seattle Field Office Director, Immigration and Customs Enforcement Removal Operations*,

        Defendants.

Case No. 6:25-cv-02011-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiffs M-J-M-A- and Victor C.G. allege that federal immigration officials arrested them "without a warrant, without probable cause that they had committed an immigration

---

[1] The Court abbreviates Plaintiffs' full names in the interest of their safety. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (noting that "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy"). Defendants are aware of their full names.

violation, and without probable cause that they were likely to flee before a warrant could be obtained," in violation of the U.S. Constitution and federal law. Pet'r's Supp. Pleading ¶ 10, ECF No. 68. Plaintiffs move to certify a "Warrantless Arrest Class" and an "Unassessed Escape Risk Subclass." Pls.' Mot. Class Certification, ECF No. 60. For the reasons discussed below, Plaintiffs' Motion for Class Certification is granted.

## BACKGROUND

The Court extensively detailed the facts of this case in its February 27, 2026 Opinion and Order, and incorporates those facts here. ECF No. 88 ("February 27, 2026 Opinion"). On February 4, 2026, the Court granted Plaintiffs' Motion for Preliminary Injunction and provisionally certified the Unassessed Escape Risk Subclass. ECF No. 82. Now before the Court is Plaintiffs' Motion to Certify the Class. ECF No. 60.

## STANDARDS

Federal Rule of Civil Procedure 23 governs class certification. "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quotation marks omitted). A party seeking class certification must satisfy each of the four prerequisites of Fed. R. Civ. P. 23(a) and at least one requirement of the provisions of Fed. R. Civ. P. 23(b). Under Rule 23(a), a district court may certify a class only if:

1. the class is so numerous that joinder of all members is impracticable;
2. there are questions of law or fact common to the class;
3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. the representative will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In other words, the proposed class must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation. *Mazza v. Am. Honda*

Page 2 — OPINION AND ORDER

*Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). Rule 23 sets forth more than a "mere pleading standard." *Wal-Mart*, 564 U.S. at 350. A party seeking class certification "has the burden of affirmatively demonstrating" that each requirement of Fed. R. Civ. P. 23(a) is satisfied. *Mazza*, 666 F.3d at 588. That is, the movant must be "prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350 (emphasis in original). After showing that each of the Fed. R. Civ. P. 23(a) prerequisites is satisfied, the party seeking class certification must then establish "through evidentiary proof at least one of the provisions of [Fed. R. Civ. P. 23(b)]." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

## DISCUSSION

### I.    Standing

Defendants challenged Plaintiffs' standing in their briefing on Plaintiffs' Motion for Preliminary Injunction, arguing that Plaintiffs did not sufficiently show a "real and immediate" threat of harm. Defs.' Resp. Opp. Pls.' Mot. Preliminary Injunction 16, ECF No. 70. This Court held that Plaintiffs have standing to seek injunctive relief against Defendants' unlawful conduct because "ICE is *explicitly targeting and stopping* Plaintiffs" and people like them. February 27, 2026 Opinion 30. The Court explained that Defendants "decidedly have a pattern of engaging in the challenged conduct" such that Plaintiffs' harm is sufficiently imminent to seek relief. Here, Defendants again argue that Plaintiffs lack standing to pursue claims on behalf of either of the proposed classes, and that Plaintiffs have failed to show Defendants' pattern or practice of unlawful warrantless arrests.

The Court declines to engage further with Defendants' arguments, belied by the evidence, that immigration officials in Oregon had no pattern or practice of conducting unlawful warrantless arrests. Defendants' contention that Plaintiffs lack standing because officers had probable cause to arrest them also fails. As Plaintiffs note, "Defendants wrongly conflate the

Article III question of Plaintiffs' standing in this matter with the question of whether Plaintiffs are appropriate class representatives." Pls.' Reply 3 n.1, ECF No. 89. The Ninth Circuit explained in *Melendres v. Arpaio* that "a named plaintiff in a class action must show that the threat of injury in a case is real and immediate, not conjectural or hypothetical. This conclusion . . . shift[s] the focus of examination from the elements of justiciability to the ability of the named representative to fairly and adequately protect the interests of the class." 784 F.3d 1254, 1261-62 (9th Cir. 2015) (quoting *Sosna v. Iowa*, 419 U.S. 393, 402-03 (1975)) (quotation marks and alterations omitted). As noted above, this Court already found that Plaintiffs have standing to bring their claims for injunctive relief, so Defendants' arguments about Plaintiffs' individual circumstances go not to standing, but to Plaintiffs' ability to adequately represent the classes. *See id.* Those issues are discussed below.

## II.     The INA's Bar on Injunctive Relief

Defendants also assert that the Immigration and Nationality Act ("INA") bars the injunctive relief Plaintiffs seek. Defendants cite Section 1252(f) of the INA, which provides that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter," except in circumstances that do not apply here. 8 U.S.C. § 1252(f)(1). Part IV of that subchapter of the INA, in turn, provides requirements for the inspection of individuals at ports of entry, the detention of individuals found inadmissible or deportable, the arrest of individuals for whom officers have a warrant, and removal of those individuals. *See* 8 U.S.C. §§ 1221–1232. "[Section] 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022).

Section 1252(f), by its very terms, applies only to the provisions in "part IV of this subchapter," that is, §§ 1221–1332. And although Plaintiffs challenge the operation of § 1357, located in part IX, Defendants argue that this Court nonetheless lacks jurisdiction because an injunction as to the arrest authority in § 1357 affects the operation of the detention and removal provisions in §§ 1221–1332.

The Ninth Circuit has rejected Defendants' arguments in similar contexts, and "repeatedly held that §1252(f)(1) does not prohibit an injunction simply because of collateral effects on a covered provision." *Al Otro Lado v. Exec. Office for Immigr. Review*, 138 F.4th 1102, 1125 (9th Cir. 2025) (citing *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1233 (9th Cir. 2007)).

This case is no different. Plaintiffs allege violations of 8 U.S.C. § 1357(a)(2), which is not one of the provisions the INA removes from this Court's broad federal question jurisdiction. Enjoining unlawful action under § 1357(a)(2) may have collateral consequences on Defendants' operations under §§ 1221–1332 to apprehend and remove people from this country. But neither this Court's preliminary injunction, nor any prospective permanent injunction, would improperly "add[] a new procedural step to the Government's operation of covered provisions." *Al Otro Lado*, 138 F.4th at 1125 (citing *Aleman Gonzalez*, 596 U.S. at 551). Requiring Defendants to comply with the INA does not in any way "enjoin or restrain the operation of" the INA's other provisions. 8 U.S.C. § 1252(f)(1). Accordingly, the INA is no bar to Plaintiffs' request for injunctive relief.

### III.    Plaintiffs' Motion for Class Certification

For the reasons discussed below, Plaintiffs' class definitions are sufficient, and the proposed classes meet the requirements of Rule 23. Plaintiffs' Motion for Class Certification is granted.

### A.     Whether Plaintiffs' Classes are Impermissibly Fail-Safe

Plaintiffs move for certification of a class and a subclass, defined as:

WARRANTLESS ARREST CLASS: All person[s] since September 28, 2025, who have been arrested or will be arrested in the District of Oregon for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person is in the United States unlawfully and that the person poses a flight risk.

UNASSESSED ESCAPE RISK SUBCLASS: All person[s] since September 28, 2025, who have been arrested or will be arrested in the District of Oregon for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a flight risk.

Pls.' Mot. Class Cert. 2. Defendants challenge Plaintiffs' proposed class definitions as "impermissible fail-safe classes." Defs.' Opp. Pls.' Mot. Class Cert 28, ECF No. 85.

A class definition is "palpably unfair to the defendant" and "fail-safe . . . when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010) (mem.). The Ninth Circuit has "note[d], though ... not h[e]ld, that our circuit's caselaw appears to disapprove of the premise that a class can be fail-safe." *Melgar v. CSK Auto, Inc.*, 681 Fed. Appx. 605, 607 (9th Cir. 2017) (mem.) (citation omitted). Other courts in this circuit have held that a class is not fail-safe where "membership in th[e] class can be readily determined by objective criteria." *Olney v. Job.com, Inc.*, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 23, 2013).

Here, Plaintiffs' proposed classes are not impermissibly fail-safe because the proposed classes can be determined through objective criteria, such as whether the putative class members were arrested, when they were arrested, where they were arrested, the cause of their arrest, whether officers had a warrant for their arrest, and whether officers conducted an individualized assessment of probable cause as to either their immigration violation or their likelihood of

escape. Accordingly, to the extent the Ninth Circuit recognizes a bar on so-called "fail-safe" classes, Plaintiffs' proposed classes are not subject to that bar.

**B.      Rule 23(a) Requirements**

Next, the Court considers Defendants' arguments that Plaintiffs fail to meet the requirements to certify a class action under Rule 23. As discussed below, Plaintiffs meet those requirements.

1.      <u>Numerosity</u>

Rule 23(a)(1) requires Plaintiffs to demonstrate that the proposed class "is so numerous that joinder of all members is impracticable." Rule 23(a)(1) provides no bright-line test or minimum number of class members necessary to meet the numerosity requirement; instead, the court must evaluate the specific facts of each case. *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). In general, classes of 15 members or fewer are too small, and classes of 16 to 39 members may or may not be sufficiently numerous, depending on the facts of the case. *See id.*; *Moore's Federal Practice* § 23-05 (2d ed. 1987). In this district, there is a "rough rule of thumb" that 40 class members is sufficient to meet the numerosity requirement. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013); *see also* 1 *McLaughlin on Class Actions* § 4:5 (14th ed.) ("The rule of thumb adopted by most courts is that proposed classes in excess of 40 generally satisfy the numerosity requirement"). "[W]here only injunctive or declaratory relief is sought, some courts have held that the numerosity requirement is relaxed so that even speculative or conclusory allegations regarding numerosity are sufficient to permit class certification." *Sueoka v. U.S.*, 101 Fed. Appx. 649 (9th Cir. 2004) (mem.) (quoting 5 *Moore's Federal Practice* § 23.22[3][b] (3d ed.2003)) (quotation marks omitted).

Here, the proposed class is sufficiently numerous to meet the requirements of Rule 23(a)(1). Evidence shows that ICE has already arrested hundreds of Oregonians and is targeting

thousands more. Cunnings Decl. Exs. 34-36, ECF No. 64; Chief Michael W. Banks (@USBPChief), X (Nov. 14, 2025 at 5:07 PM), *available at* https://perma.cc/34TS-5UUW ("In October alone, over 560 criminal illegal aliens living in our neighborhoods were targeted and apprehended" in Portland, Oregon.). Further, as noted in this Court's February 27, 2026 Opinion, ICE's standard practice is to transport *all* arrestees to the Portland ICE facility and then detain *all* arrestees at the Tacoma ICE facility unless someone suffers a major medical condition. It is inconceivable to this Court that everyone would be lawfully detained without a warrant if ICE agents were actually conducting legitimate pre-arrest probable cause determinations for everyone they stopped.

Even assuming that only a portion of immigration arrests in Oregon were, or will be, made pursuant to ICE's unlawful practice, Plaintiffs have satisfactorily shown that members of the classes are sufficiently numerous. *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 837 (9th Cir. 2022) ("Where, as here, the class seeks only prospective injunctive and declaratory relief, the practical value of joining *each* of the 300+ class members as a formal party is slim to non-existent and is plainly outweighed by the substantial logistical burdens that would entail.").

### 2. Commonality

Rule 23(a)(2) states that class certification is appropriate only when the case presents "questions of law or fact common to the class." To satisfy the commonality requirement, Plaintiffs must show that the class members suffered the "same injury," meaning that their claims depend upon a "common contention." *Wal-Mart*, 564 U.S. at 350 (quotation marks omitted). "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* But class members need

not have *every* issue in common; commonality requires only "a single significant question of law or fact" in common. *Mazza*, 666 F.3d at 589 (noting that "commonality only requires a single significant question of law or fact"); *see also Wal-Mart*, 564 U.S. at 359.

Here, Plaintiffs satisfy the requirements of Rule 23(a)(2). Plaintiffs challenge Defendants' practice of making warrantless arrests without the required probable cause determinations. Multiple, identical questions of law are therefore common to the classes, including: (1) whether Defendants have a policy and practice of making warrantless arrests without making individualized determinations of escape risk as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii); (2) whether such policy and practice is final agency action under the Administrative Procedure Act ("APA"); (3) whether such policy and practice is arbitrary and capricious or contrary to law under the APA; (4) whether Defendants have a policy and practice of making warrantless arrests without making individualized determinations of immigration status as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(i); (5) whether such policy and practice is final agency action under the APA; (6) whether such policy and practice is arbitrary and capricious or contrary to law under the APA; and (7) whether Defendants have a policy and practice of making warrantless arrests without making individualized determinations as required under the *Nava* Broadcast Policy. Accordingly, commonality is satisfied. *See Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014).

### 3.    Typicality

In order to meet the typicality requirement, Plaintiffs must show that the named parties' claims or defenses are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Under the "permissive standards" of Rule 23(a)(3), the "representative's claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be

substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). To determine whether claims and defenses are typical, courts look to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon*, 976 F.2d at 508) (quotations omitted).

The claims and defenses of M-J-M-A- and C.G. are typical of the proposed classes because those Plaintiffs assert the same claims and seek the same relief from the same challenged policy and practice as do the putative class members. Although the individual facts surrounding each case may differ, M-J-M-A- and C.G.'s claims are typical of the class in that they each challenge ICE's policy and practice of arresting people without the required probable cause determinations—conduct that was allegedly exercised against each putative class member. Plaintiffs' claims are thus "reasonably coextensive with those of absent class members" such that typicality is satisfied. *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016).

### 4.    Adequacy of Representation

Rule 23(a)(4) states that before a class can be certified, a court must find that "the representative parties will fairly and adequately protect the interests of the class." This requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members"; and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. The adequacy requirement is based on principles of constitutional due process; a court cannot

bind absent class members if class representation is inadequate. *Id.*; *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940).

Here, class representatives and their counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds no conflicts of interest with other class members and finds that Plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class[.]" *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018). Defendants do not identify any conflicts of interest and instead argue that Plaintiffs were not arrested without the required probable cause determinations and therefore their claims are unique. However, as discussed in the Court's February 27, 2026 Opinion, at this stage, Plaintiffs have put forth sufficient evidence to show that they were arrested without any probable cause determination and are therefore adequate representatives of a class of people who suffered or would suffer the same injury. The named Plaintiffs do not request any relief particular to themselves; they assert only interests that are consistent with those of the class and subclass. The proposed class counsel have also demonstrated their ability to effectively litigate this case and past experience that suggests the same. *See generally* Manning Decl., ECF No. 76.

### C.    Rule 23(b)(2) Requirements

Additionally, Plaintiffs have met the requirements of both Rule 23(b)(1)(A) and 23(b)(2). Plaintiffs need only meet one of the requirements of Rule 23(b), but here, they meet more than one. First, Plaintiffs have shown that class certification is appropriate because separate claims by individual class members "would create a risk of . . . inconsistent or varying adjudications[.]" Fed. R. Civ. P. 23(b)(1). Identical legal questions, like those discussed above, could be presented by multiple putative class members and yield different results, so there is a real risk of inconsistent adjudication. Second, Defendants "ha[ve] acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Defendants' policy and practice of conducting unlawful warrantless arrests applies to all class members who have been or will be arrested pursuant to that policy. Accordingly, final injunctive relief may be appropriate as to the class as a whole. Rule 23(b) is satisfied.

## IV.      Appointment of Counsel

Finally, Rule 23(g) provides that a court certifying a class must appoint class counsel. The Court has considered the factors required under Rule 23(g)(1)(A), and, for the same reasons described above, finds that appointment of Plaintiffs' counsel as class counsel in this case satisfies the requirements of Rule 23(g).

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Class Certification, ECF No. 60, is GRANTED. Plaintiffs' class and subclass are defined as follows:

> WARRANTLESS ARREST CLASS: All persons since September 28, 2025, who have been arrested or will be arrested in the District of Oregon for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person is in the United States unlawfully and that the person poses a flight risk.

> UNASSESSED ESCAPE RISK SUBCLASS: All persons since September 28, 2025, who have been arrested or will be arrested in the District of Oregon for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a flight risk.

Plaintiffs' counsel is appointed as class counsel.

DATED this 24th day of June 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 12 — OPINION AND ORDER