UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

M-J-M-A-, and VICTOR C.G.,[1] *individually and on behalf of all similarly situated individuals*,

Plaintiffs,

v.

LAURA HERMOSILLO, *Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO")*; TODD LYONS, *Acting Director of Immigration and Customs Enforcement ("ICE")*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary of the Department of Homeland Security ("DHS")*; and PAMELA BONDI, *Attorney General of the United States*; U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No. 6:25-cv-02011-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Petitioner-Plaintiff M-J-M-A- ("Petitioner") and Plaintiff Victor C.G. (collectively, "Plaintiffs") allege that Respondent-Defendant immigration agencies and officials (collectively,

[1] The Court abbreviates Plaintiffs' full names in the interest of their safety. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (noting that "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy"). Defendants are aware of their full names.

"Defendants") are violating federal statutory and constitutional law by executing an "arrest first, ask later" policy in Oregon. Before the Court are Defendants' Motions to Dismiss (ECF Nos. 100, 110) and Motion to Stay (ECF No. 108). For the reasons discussed below, Defendants' motions are denied.

## BACKGROUND

The Court extensively detailed the facts of this case in its February 27, 2026 Opinion and Order, and incorporates those facts here. ECF No. 88. On February 4, 2026, the Court granted Plaintiffs' Motion for Preliminary Injunction and provisionally certified the Unassessed Escape Risk Subclass. ECF No. 82. On June 24, 2026, the Court granted Plaintiffs' Motion for Class Certification. ECF No. 103.

Now, Defendants move to stay proceedings pending appeal of the Court's preliminary injunction Order and move to dismiss Petitioner's habeas claims and Plaintiffs' class claims. ECF Nos. 100, 108, 110.

## STANDARDS

### I. Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Institute, PLLC v. Garland*, 24 F.4th 1249, 1256 (2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a

particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1).

## II. Rule 12(b)(6) Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id.* at 555 (citation omitted). Moreover, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

# DISCUSSION

## I. Defendants' Motion to Stay Proceedings

In February 2026, this Court granted Plaintiffs' Motion for Preliminary Injunction and enjoined Defendants from enforcing their policy or practice of making warrantless civil immigration arrests in the District of Oregon without the individualized probable cause

determinations required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii). Feb. 27, 2026 Op. & Order 48, ECF No. 88.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "*Landis* cautions that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Courts consider the "competing interests" at play, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962).

Here, a balance of those competing interests weighs against a stay. Staying this action would obstruct Plaintiffs' ability to prosecute their case and obtain the relief they seek. As the Ninth Circuit has noted, delay inherently prejudices plaintiffs due to "the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (internal citation and quotations omitted). Defendants contend that class-wide discovery will burden immigration enforcement operations, but "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. While it is true that the Ninth Circuit's decision may narrow the scope of issues in this case, the Ninth Circuit

has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). Further, "the court ha[s] an interest in clearing its docket," and the public maintains an "interest in a speedy resolution of the controversy." *Fed. Sav. & Loan Ins. Co. v. Molinaro*, 889 F.3d 899, 903 (9th Cir. 1989); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).

Accordingly, Defendants have failed to establish "a clear case of hardship or inequity," and their motion to stay is denied. *Lockyer*, 398 F.3d at 1112.

## III. Motion to Dismiss Counts 1-6

Petitioner M-J-M-A- filed her Petition for Writ of Habeas Corpus when ICE arrested her on October 30, 2025. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. In that Petition, she alleged six claims for relief: (1) violation of her Fourth Amendment rights based an unreasonable seizure; (2) violation of the Administrative Procedure Act ("APA") for stopping her without reasonable suspicion; (3) violation of the APA for her warrantless arrest without probable cause of an immigration violation; (4) violation of the APA for her warrantless arrest without probable cause of likelihood of escape; (5) violation of the APA for violations of ICE's *Nava* Broadcast Policy; and (6) violation of her Fifth Amendment rights based on procedural due process violations. Pet. 12-19.

### a. Rule 12(b)(1) Motion

#### i. Mootness

Defendants move to dismiss and argue that "Counts 1 through 6 are moot because M-J-M-A- has already received the only cognizable habeas remedy: release from custody." Mot. Dismiss 8, ECF No. 100. The parties also dispute whether any of the exceptions to mootness applies.

The Supreme Court has long emphasized the importance of the writ of habeas corpus:

> The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. . . The scope and flexibility of the writ—its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts and lawmakers.

*Harris v. Nelson*, 394 U.S. 286, 290-91 (1969). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). District courts' habeas jurisdiction extends to challenges to immigration detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The habeas corpus statute allows courts to grant a writ of habeas corpus to anyone who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Congress broadly authorized courts to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. Accordingly, although Section 2241(c)(3) requires the applicant to be "in custody" when the petition is filed, "the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Further, the Supreme Court has emphasized that "the writ of habeas corpus is itself an indispensable mechanism for monitoring the separation of powers," and therefore "[t]he test for determining [its scope] must not be subject to manipulation by those whose power it is designed to restrain." *Boumediene v. Bush*, 553 U.S. 723, 765-66 (2008).

Contrary to Defendants' assertions that release is the only available remedy to a habeas petition, the Supreme Court has explicitly stated that "immediate physical release is not the only remedy under the federal writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (internal quotation marks, alterations, and citations omitted); *see also Carafas*, 391 U.S. at 238

("The 1966 amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody."); *Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968) ("But the statute does not deny the federal courts power to fashion appropriate relief other than immediate release. . . . the notion that immediate physical release was the only remedy. . . finds no support in the statute and has been rejected by this Court."). That understanding comports with the statute's text, which allows courts to "dispose of the matter as law and justice require." 28 U.S.C. § 2243.

Here, M-J-M-A- seeks in her petition more than just release: she seeks an order prohibiting Defendants from transferring her outside of this state without court approval; declarations that Defendants violated the U.S. Constitution and federal law; and "any further relief this Court deems just and proper." Pet. 19-20. The Court acknowledges that this is a procedurally unique case, due to Defendants' decision to stop, arrest, and detain M-J-M-A-, only to release her without explanation. But "[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris*, 394 U.S. at 292. The statute and case law outlined above makes clear that this Court may fashion relief flexibly, "as law and justice require." 28 U.S.C. § 2243.

Defendants further contend that Petitioner may not seek declaratory or injunctive relief based on the allegations in the Petition, but they cite no case that forecloses that possibility. As Plaintiffs point out, the cases cited by Defendants are inapposite or otherwise do not support their assertions. Pet'r's Resp. Mot. Dismiss 26-27, ECF No. 106. Thus, while Petitioner M-J-M-A- has been released from Defendants' custody, her release does not moot her claims that seek other appropriate relief.

**ii. Immigration and Nationality Act**

Defendants also argue that the Court lacks jurisdiction to hear M-J-M-A-'s habeas petition under certain terms of the Immigration and Nationality Act ("INA").

First, Defendants argue that 8 U.S.C. §§ 1252(a)(5) and (b)(9) strip this Court of jurisdiction. Those sections provide that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). . . .
>
> Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision . . . or by any other provision of law . . . to review such an order or such questions of law or fact.

8 U.S.C. §§ 1252(a)(5), (b)(9). Defendants contend those sections "reflect Congress's judgment that removal-related issues generally should proceed through immigration proceedings and then to the court of appeals." Mot. 24-25.

This argument is unavailing. Sections 1252(a)(5) and (b)(9) both pertain to challenges of orders of removal, and not relief under a Petition for Habeas Corpus. Therefore these sections of the INA do not foreclose jurisdiction here. *See Ibarra-Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025) ("Section 1252(a)(5) does not apply because Ibarra-Perez does not seek review of his removal order."); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (Sections 1252(a)(5) and (b)(9) "are not jurisdiction-stripping statutes that, by their terms, foreclose *all* judicial review of agency actions. Instead, the provisions channel judicial review over final orders of removal to the courts of appeals."); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (Section 1252(b)(9) "does not apply to federal habeas corpus petitions that do not

involve final orders of removal."); *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1, 19 (2020) (Section 1252(b)(9) "is certainly not a bar where, as here, the parties are not challenging any removal proceedings."). Here, it is undisputed that Defendants did not order M-J-M-A- removed nor does she challenge any order of removal. Sections 1252(a)(5) and (b)(9) do not strip this Court of jurisdiction over the habeas petition.

Second, Defendants contend that 8 U.S.C. § 1252(g) also bars review of the petition. That section provides that "[e]xcept as provided in this section . . . no court shall have jurisdiction to hear any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Ninth Circuit has held that "Section 1252(g)'s jurisdictional bar is to be construed narrowly." *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002). "We are not precluded, for example, from ruling on constitutional challenges to deportation procedures," or on "general collateral challenges to unconstitutional practices and policies used by the agency." *Id.* (quotation marks and citations omitted); *see also Dep't of Homeland Sec.*, 591 U.S. at 19 ("We have previously rejected as 'implausible' the Government's suggestion that § 1252(g) covers 'all claims arising from deportation proceedings' or imposes 'a general jurisdictional limitation.'"). Here, Petitioner's claims allege an unconstitutional and unlawful arrest and detention, and do not challenge Defendants' discretion "to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). Accordingly, no provision of the INA bars this Court's jurisdiction. Defendants' motion under Rule 12(b)(1) is denied.

**b. Rule 12(b)(6) Motion**

As Plaintiffs note, Defendants' motion to dismiss under Rule 12(b)(6) merely presents a different spin on their motion under Rule 12(b)(1). Here, rather than arguing that the case is moot

because the Court has provided all relief available through a habeas petition, Defendants argue that Petitioner has failed to state a claim for relief to the extent that she seeks any relief besides release. As discussed above, release is *not* the only relief that the Court may order in response to a petition for writ of habeas corpus.

Defendants also argue that an allegedly unlawful arrest does not entitle a person to habeas relief. Mot. 18-21. Of course, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" at the time the petition is filed. 28 U.S.C. § 2241(c)(3); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (finding that petitioner's later release did not moot his habeas petition because petitioner "was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. §2254 requires").

Defendants cite to cases involving the exclusionary rule, which provide that "[t]he body or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Mot. 25-26; *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006). But those cases do not stand for the proposition that an unlawful arrest can never be addressed in a habeas corpus petition. Under the plain terms of the statute, the Court is empowered to award relief "as law and justice require" to anyone who was unlawfully "in custody." 28 U.S.C. §§ 2243, 2241(c)(3). An individual is considered to be in custody where "there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *New York v. Quarles*, 467 U.S. 649, 655 (1984) (quotation marks and citations omitted). It cannot be reasonably disputed that Defendants arrested and restrained M-J-M-A-'s movement, and thereby put her "in custody,"

when they stopped the car she was traveling in, handcuffed her, detained her in a processing facility, and then transported her to another detention center out of state.

Taking Petitioner's allegations as true, she has sufficiently stated a claim for habeas relief. Defendants' motion under Rule 12(b)(6) is denied.

**c. Motion to Dismiss Counts 7-9**

Defendants also move to dismiss Plaintiffs' class claims, Counts 7-9, for lack of jurisdiction and for failure to state a claim. Defs.' Mot. Dismiss Counts 7-9, ECF No. 110. In their Supplemental Pleading, Plaintiffs allege the following claims in addition to the six alleged by Petitioner M-J-M-A-: (7) violation of the APA and *Accardi* doctrine by maintaining a policy and practice of making warrantless arrests without individualized determinations of flight risk; (8) violation of the APA and *Accardi* doctrine by maintaining a policy and practice of making warrantless arrests without individualized determinations of immigration status; and (9) violation of the *Accardi* doctrine by maintaining a policy and practice of making warrantless arrests in violation of the *Nava* Broadcast Policy. Pet'r's & Pls.' Supp. Pleading ("Supp. Pleading") 20-22, ECF No. 68.

Defendants raise many of the same arguments they raised in opposition to Plaintiffs' Motion for Preliminary Injunction and Motion for Class Certification, and in their Motion to Dismiss Counts 1-6: that Plaintiffs do not sufficiently allege a non-speculative injury; that the INA strips this Court of jurisdiction; that individualized determinations make this case inappropriate for class-wide resolution; and that Plaintiffs fail to allege final agency action under the APA. *Compare* ECF Nos. 70, 85, 100, and 110. The Court discussed and rejected each of those arguments in its Opinions dated February 27, 2026, and June 24, 2026. ECF Nos. 88, 103.

Defendants offer nothing in their briefing on this motion to change those analyses. Accordingly, the Court addresses only Defendants' new arguments and considers them in turn.

First, Defendants argue that Plaintiffs lack standing because their alleged injuries are not redressable. "To establish redressability, a plaintiff must show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "A plaintiff's burden to demonstrate redressability is 'relatively modest' . . . a plaintiff need only 'show a substantial likelihood that the relief sought would redress the injury.'" *Brown*, 902 F.3d at 1083 (citations omitted).

As Plaintiffs note, Defendants' motion cites no legal authority for this contention, much less anything binding. The Court rejects this argument in light of detailed allegations and evidence that Defendants are violating federal law by apprehending people without making any of the required individualized findings. An order prohibiting them from doing so "would directly redress the harm [P]laintiffs have suffered." *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1227 (D. Colo. 2025).

Further, Plaintiffs request an order requiring Defendants "to expunge all records collected and maintained about Plaintiffs and class members from their unlawful arrests." Supp. Pleading 22. "It is well settled that the federal courts have inherent equitable power to order the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights." *Maurer v. Individually & as Members of L.A. Cnty. Sheriff's Dep't*, 691 F.2d 434, 437 (9th Cir. 1982) (quotation marks omitted); *see also Pettibone v. Biden*, No. 3:20-cv-1464-YY, 2024 WL 4433038, at *5 (D. Or. Oct. 7, 2024) ("When the government has unlawfully arrested someone or 'engaged in any sort of misconduct,' extraordinary circumstances

exist that permit a court to order expungement to vindicate substantial rights.") (citing *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). Plaintiffs have standing because they allege injuries caused by Defendants that are substantially likely to be redressed by the relief sought.

Second, Defendants move to dismiss Counts 7 and 8 and argue that those claims impermissibly seek class-wide APA review of individualized arrest determinations. Defendants contend that class treatment is not appropriate because each case necessarily involves individualized considerations unique to those individuals. The irony in this argument is that Plaintiffs' allegations are exactly the opposite, that Defendants did *not* make individualized findings, but rather, treated Plaintiffs similarly regardless of their unique circumstances. As this Court has already found, that policy and practice amounts to final agency action that is reviewable under the APA, and the requirements for class certification are otherwise met. Feb. 27, 2026 Op. & Order 36-44; June 24, 2026 Op. & Order 7-12, ECF No. 103.

Third, Defendants move to dismiss Count 9, Plaintiffs' claim under the *Accardi* doctrine. That claim stems from Defendants' alleged failure to follow its own procedures as stated in the *Nava* Broadcast Policy. *See* Feb. 27, 2026 Op. & Order 27-28 (describing policy and its origins). The *Accardi* doctrine is based on the premise that "[w]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1162 (9th Cir. 2004) (collecting cases) (citations and quotation marks omitted). Defendants argue that the *Nava* Broadcast Policy is merely "internal or settlement-related guidance" and their failure to comply with that policy is not reviewable. Mot. Dismiss Counts 7-9, at 23-24. That fact is not dispositive. As the Ninth Circuit has noted, "courts have recognized that the so-called *Accardi* doctrine extends beyond formal regulations," and reaches "internal procedures," "policy statements," and evidence of the agency's "usual practice." *Alcaraz*, 384 F.3d at 1162 (quotation

marks and citations omitted). The *Nava* Broadcast Policy arose out of a binding court settlement that required ICE officers to consider specific factors before effectuating a warrantless arrest. Plaintiffs have sufficiently alleged a failure to follow that policy in violation of the *Accardi* doctrine.

Finally, Defendants continue to argue that there is no reviewable final agency action and that the Court may not issue an injunction or any of the other relief Plaintiffs seek. They reiterate arguments the Court has rejected before and cite no case law in support. *See* Defs.' Mot. Dismiss Counts 7-9, at 32-35. The Court declines to further engage with those arguments that have either already been heard or that pertain to the appropriate remedy and are therefore premature. It cannot be reasonably doubted, and Defendants do not dispute, that this Court has the mandate to "hold unlawful and set aside agency action" that is contrary to law, and the authority to "declare the rights and other legal relations of any interested party seeking such declaration." 5 U.S.C. § 706(2); 28 U.S.C. § 2201(a). Plaintiffs have sufficiently alleged claims that allow the Court to exercise that authority.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Stay (ECF No. 108) is DENIED; Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 100) is DENIED; and Defendants' Motion to Dismiss Counts 7-9 (ECF No. 110) is DENIED.

DATED this 31st day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge